IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE, | ) |
| Plaintiff, | ) No. 1:07-cv-1064-GMS |
| vs. | ) |
| P.A. MCGUINNESS, et al., | ) **ORDER** |
| Defendants. | ) |

Pending before the Court is Plaintiff's Motion for an Order Compelling Discovery (Dkt. # 21). In Plaintiff's motion, he requests that the Defendant ("Dr. Bhatt") be compelled to more fully answer interrogatories numbers one through ten and request for production numbers two through six. The Court has reviewed Plaintiff's motion, Dr. Bhatt's response and Plaintiff's reply. After considering the parties' arguments and objections,

**IT IS HEREBY ORDERED** that Plaintiff's motion is granted in part and denied in part as follows:

## INTERROGATORIES

Interrogatories Nos. 1 and 9: In interrogatory number one, Plaintiff asked Dr. Bhatt to identify all correctional officers who worked as CSATF transportation officers for the two-month time frame between December 1, 2004 and February 1, 2005. In interrogatory number nine, he asks Dr. Bhatt to identify CSATF staff for the same period who were

"responsible for receiving phone calls from . . . community hospitals or clinics, regarding medical instructions, questions or recommendations to institutional doctors regarding their assigned inmate patients." Dr. Bhatt does not object that he is unaware of the identity of such CSATF staff. Pursuant to Fed. R. Civ. P. 33(b)(4) that objection is therefore waived. The objections raised by Dr. Bhatt, which are the same objections that he repeats throughout his interrogatory and document request responses, include over breadth, beyond the scope of relevance, and assertions that the interrogatories are vague, ambiguous, compound, burdensome and oppressive. Interrogatories 1 and 9 seek a narrow subset of information that may lead to the discovery of admissible evidence. Therefore, Dr. Bhatt will answer the interrogatories.

Interrogatory Nos. 2 and 3: Dr. Bhatt's responses to interrogatory numbers two and three are adequate, since according to his responses the information sought is beyond his personal knowledge. Dr. Bhatt's agreement to provide the Plaintiff's personal medical records from which such information could be cleaned by either Plaintiff or Dr. Bhatt is an adequate response. No further responses to these interrogatories will therefore be compelled.

Interrogatories Nos. 4 and 5: In interrogatory number four, Plaintiff requests that Dr. Bhatt describe "in as much detail as possible every policy, procedure and practice that governs an institutional doctor's ability to override, deny, or reject the non-institutional doctor's recommendations for medical treatment of inmates." In interrogatory number five, Plaintiff requests the identity of those responsible for formulating, implementing or monitoring compliance with such policies. Dr. Bhatt objects that these interrogatories are overbroad, call for production outside the scope of discovery and are vague, ambiguous, compound, burdensome and oppressive. The interrogatories reasonably request discoverable information and Dr. Bhatt is directed to answer it.

Interrogatories Nos. 6, 7: These interrogatories that request every policy, procedure and practice pertaining to the "ordering, buying, stocking, distributing of medical pills,

capsules, tablets, or any other orally-ingested medication" are not sufficiently tailored to lead to the discovery of admissible evidence. Therefore, Dr. Bhatt's objections are sustained and he need not respond to these interrogatories.

<u>Interrogatories Nos. 8 and 10</u>: Interrogatory number eight pertains to policies governing the treatment of inmates by their primary care physicians. Interrogatory number ten pertains to the number of times Defendant was informed of Plaintiff's need for nausea medication and how Dr. Bhatt was informed. These interrogatories request reasonable information and are sufficiently tailored to lead to the discovery of admissible evidence. Therefore, Dr. Bhatt is directed to respond to them.

**REQUESTS FOR PRODUCTION**

The Court has also reviewed the responses to the requests for production ("RFP") numbers two, three, four, five and six, together with the objections, motions, and responses thereto. The Court is of the view that, for the reasons explained above, to the extent Dr. Bhatt has responsive documents, he must provide such documents in response to RFP Nos. 2 and 3. The Court is of the view that, for the reasons explained above RFP No. 4 is not reasonably tailored to seek discoverable information. RFP Nos. 5 and 6 apparently seek privileged information and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, Dr. Bhatt is obliged to further respond to RFP Nos. 2 and 3. He is not obliged to further respond to RFP Nos. 4, 5 and 6.

DATED this 2nd day of April, 2009.

_____
G. Murray Snow
United States District Judge